Louisville & Nashville R. R. Co. *v.* Garrett Elkin.

**Railroads—Injury to Cattle—Special Contract.**
     There can be no binding special agreement by which a railroad can avoid its responsibility for the negligent injury to cattle by its train-men.

**Instructions May be Construed Together.**
     Instructions to a jury may be construed together so as to give the proper effect to all.

APPEAL FROM GARRARD CIRCUIT COURT.

June 23, 1870.

Opinion of the Court by Judge Robertson:

The jury had a right to disregard the alleged pass and consider

the carrier's responsibility unqualified by any special contract, and, in this phase of the case, it was the duty of the officers controlling the train to know that the mule sued for was down and to have righted it without delay. And even if there was a binding special agreement imposing that care on the owner's agent, still, if the conductor knew that the mule was down, he was guilty of gross negligence in refusing the agent ample time to raise it; and, on either hypothesis, the evidence authorized the verdict, as to culable negligence.

Had what is called the second been all the instruction given, there would have been fatal error in its pretermission of the hypothesis of the jury's belief that the death of the mule resulted from its being down. But the first and second constitute but one *alternative* instruction, and the first branch of it requiring such belief by the jury should be understood as applying to the second branch, and we presume that the court and the jury so understood.

The mule was not valued so high as the legal standard might have authorized.

And however conflicting, the evidence authorized every deduction necessary to sustain the verdict, which therefore we can not disturb.

Wherefore, the judgment is affirmed.

*Dunlap, for appellant.*
*McKee, for appellee.*